IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KOKO JOHNSON,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      2:24cv291
                                     )      **Electronic Filing**
**SERENA WILLIAMS** and **ALEXIS**       )
**OHANIAN,**                             )
                                     )
            Defendants.              )

## <u>MEMORANDUM OPINION</u>

Koko Johnson ("plaintiff") commenced this proceeding by filing a motion to proceed *in forma pauperis*. The motion listed plaintiff's wages as "0" and indicated he had no other forms of income or financial support. It also failed to identify any assets or expenses, dependents or debts or financial obligations. Affidavit (Doc. No. 1). All of this was sworn under penalty of perjury. <u>Id.</u>

Plaintiff attached to his motion a "complaint" seeking to establish a "7 million dollar lawsuit" against Serena Williams and Alexis Ohanian for damages to plaintiff's "character and [reputation]" as a consequence of "Serena Williams' claim of allegedly RIP." Plaintiff demands that she "come here back to show me where are RIP her at." Plaintiff's Complaint (Doc. No. 1-1 and 4 at p. 4.

Defendant Serena Williams is identified as an "American Internet entrepreneur" and "Professions Tennis Player" with an address of "the Los Angeles Country Club, 10101 Wilshire Blvd." <u>Id.</u> at p. 2. Defendant Alexis Ohanian also is an "American Internet entrepreneur" with the same address. <u>Id.</u> Serena Williams assertedly is a citizen of Miami, Florida. <u>Id.</u> at p. 3.

After filing the complaint but before a ruling was made on plaintiff's motion to proceed *in forma pauperis*, plaintiff filed a motion for a trial date.  Doc. No. 2.  In this motion plaintiff demands:

> Williams must come here back to [show] me were Ohanian and police officer.  Same District Judge conspiring to invade home, rape my wife, took child from her side. [And] Williams did not stop there.  [While] working Williams instructed one of staff to video record where changing clothes.

Id.

After the court did not take action on plaintiff's motion to proceed *in forma pauperis* for five months, plaintiff paid the $400.00 filing fee on August 19, 2024.  The Clerk of Court then filed plaintiff's complaint.  Ten days later plaintiff filed a "motion for service," which contains only the notation of "Marshal Service."  Doc. No. 5.  To resolve this motion the court will examine whether plaintiff would have been entitled to service of the complaint pursuant to his motion to proceed *in forma pauperis* or any other way/source of authority.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis.  First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a).  Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[1]  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  Plaintiff's financial affidavit does not identify any source of income or assets.  Thus, if plaintiff had not paid the filing fee, the court would have found plaintiff to be without sufficient funds to pay the required filing fee.  Thus, he would have been granted leave to proceed in forma pauperis.

---

[1] This provision is now codified at §1915(e)(2)(B)(i).

2

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted.  It is based on both indisputably meritless legal theory and factual contentions which are at the very least fanciful.  The complaint is devoid of any sound basis to infer or assume that any of the named defendants committed an actionable wrong against plaintiff.

It follows that the complaint is grounded in indisputably meritless legal theory and is otherwise fanciful.  Accordingly, plaintiff would not have been entitled to have the Marshal Service serve the defendants.[2]

Given that plaintiff is not entitled to obtain service of process under the *in forma pauperis* statute, the court will examine the other tenants of law governing the ability of plaintiff to obtain and/or effectuate service of process.  "At one time, all process in federal civil litigation was served by the United States Marshals Service." Tejada v. DelBalso, 2018 WL 6268202, *1 (M.D. Pa. Nov. 30, 2018) (citing FROF, Inc. v. Harris, 695 F. Supp. 827, 828–29 (E.D. Pa.

---

[2]  In addition to these substantive deficiencies, plaintiff's submissions indicate that defendants are not amenable to service of process in Pennsylvania.  In this regard the submissions strongly suggest that defendants are not subject to personal jurisdiction in the Western District of Pennsylvania.

3

1988)).  But in 1983, Rule 4 was amended to permit service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation.  See Fed. R. Civ. P. 4(c)(2); FROF, 695 F. Supp. at 829. This change was designed "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process."  Tejada, 2018 WL 6268202 at *2 (citing Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)).  As a result, it "is now the plaintiff who 'is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service.'"  Id. (quoting Fed. R. Civ. P. 4(c)(1)).

Today, Rule 4 contains two exceptions under which the United States Marshals Service must effectuate service of process in a civil case.  First, service by the United States Marshal Service is mandatory in *in forma pauperis* and seamen's suits.  Fed. R. Civ. P. 4(c)(3); see also 28 U.S.C. § 1915(d); 28 U.S.C. § 1916.  Second, at a plaintiff's request, service by a United States Marshal Service or some other person specially appointed by the Court may be ordered at the court's discretion.  Fed. R. Civ. P. 4(c)(3); see also Tejada, 2018 WL 6268202 at *2; Koger v. Bryan, 523 F.3d 789, 803 (7th Cir. 2008).

Here, neither of the exceptions is applicable.  First, plaintiff is not proceeding *in forma pauperis*.  He paid the filing fee.  And even assuming that this could be overlooked and the court were to revert to plaintiff's original motion to proceed *in forma pauperis*, the above assessment of plaintiff's complaint makes clear that service of process by the Marshal Service under this exception would not have occurred because plaintiff's complaint fails to state a claim upon which relief can be granted.

4

This leaves for consideration whether the court should exercise its discretion to order service of process. The history of Rule 4 reflects the studied assessment and determination to relieve the Marshal Service of the burdens of serving process in a civil case. Jackson v. Wray, 2023 WL 7115177, *1 (N.D. Tx. Oct. 27, 2023) (quoting Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 83 (3d Cir.1987) (quoting 128 Cong. Rec. H9848–49 (daily ed. Dec. 15, 1982) and citing Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions)). "Accordingly, 'the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the [USM]", and courts should not order service by the USM unless really necessary.'" Id. (citing Advisory Committee Note, 93 F.R.D. 255, at 262, 128 Cong. Rec. H9848 to 9855, 96 F.R.D. 81, 127). Consistent with congressional intent and the committee note, lower courts have denied requests for service by the Marshal Service where a plaintiff fails to present evidence that service was first attempted through the other means authorized by Rule 4 before seeking an order for service from the court. Id. (collecting cases).

Plaintiff has made no effort whatsoever to effectuate personal service of process on defendants. Given that plaintiff has failed to show that other means authorized by Rule 4 have proved ineffective, the court lacks a sound basis to exercise its discretion to order service by the Marshal Service. Consequently, to the extent such a request is implicitly raised in plaintiff's pending motions, it will be denied.

Finally, it is apparent that plaintiff has failed to comply with Rule 4(m). Rule 4(m) provides:

**(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule requires that "a defendant be served within ninety days after the complaint is filed or seek an extension of time from the court." Arkansas United v. Thurston, 517 F. Supp.3d 777, 783 (W.D. Ark. 2021).

Plaintiff has not served the defendants within ninety days of filing the complaint. Thus, the court must either dismiss the action or order that service be made within a specified time.

The court will exercise its discretion and give plaintiff an additional thirty days to serve the defendants in a manor authorized by Rule 4. Two aspects of the record support this extension. First, plaintiff initially filed his complaint with a motion to proceed *in forma pauperis* and a plaintiff may in good faith await on a ruling on such a motion before having the obligation to effectuate service. Junco v. Advocate Aurora Health, 646 F. Supp.3d 978, 986 (E.D. Wis. 2022). Second, plaintiff filed a motion to have the Marshal Service serve defendants when he paid the filing fee, and that motion has remained pending. The court will give plaintiff the benefit of the doubt and assume he did not clearly understand his unflagging obligation to effectuate service in compliance with Rule 4. Cf. Roig v. Chanris, Inc., 117 F.R.D. 324 (D. Puerto Rico 1987) (pending motion for Marshal Service did not relieve a plaintiff from accomplishing service through other authorized means where the "[p]laintiff was on notice that service had to be effectuated again upon the Court quashing service.").

For the reasons set forth above, plaintiff's motion to proceed *in forma pauperis* will be denied as moot; his motion for service of process by the Marshal Service will be denied for failure to show that other efforts to effectuate service have proven ineffective; and the court will

grant plaintiff an additional thirty days to comply with Rule 4(m).[3]  An appropriate order will

follow.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Koko Johnson - *pro se*
       129 Redlyn St.
       Pittsburgh, PA 15210

       (*Via United States Mail*)

---

[3]  Of course, the failure to effectuate service as required under Rule 4 within that 30 days will result in the dismissal of this action pursuant to Rule 4(m).

7